UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DAVID STRINGER,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN MARSHALL,<br><br>    Respondent. | No. 2:09-cv-2980-GEB-EFB P<br><br><br><br>ORDER |

      Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On March 31, 2011, the court granted respondent's motion to dismiss the action as barred by the statute of limitations contained in the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 30. Later that year, the U.S. Court of Appeals for the Ninth Circuit concluded that AEDPA's limitations provisions are subject to an equitable exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). The United States Supreme Court agreed in 2013. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013).

      On appeal, the Ninth Circuit affirmed the court's determinations that: (1) petitioner is not entitled to statutory tolling; (2) the federal statute of limitations began to run when petitioner's conviction became final; and (3) petitioner is not entitled to equitable tolling. ECF No. 38.

/////

However, because this court did not consider whether petitioner qualified for the equitable exception based on actual innocence, the Ninth Circuit remanded the case for consideration of that single issue, citing *McQuiggin. Id.*

Within 21 days of the date of this order, petitioner may file a supplemental brief regarding whether his petition should be considered, despite being untimely, through application of the equitable exception described in *McQuiggin*. Respondent may file an opposition to any such supplemental brief within 14 days of its filing. Petitioner may file a reply to the opposition within seven days of the opposition's filing. If petitioner opts not to file a supplemental brief, the court will consider the issue on the record before it.

So ordered.

Dated: January 8, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2