UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DAVID STRINGER, | No. 2:09-cv-2980-GEB-EFB P |
| Petitioner, | |
| v. | |
| JOHN MARSHALL, | ORDER |
| Respondent. | |

Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On March 31, 2011, this court granted respondent's motion to dismiss the action as barred by the statute of limitations contained in the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 30. Later that year, the U.S. Court of Appeals for the Ninth Circuit concluded that AEDPA's limitations provisions are subject to an equitable exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). The United States Supreme Court agreed in 2013. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013).

On appeal, the Ninth Circuit affirmed this court's determinations that: (1) petitioner is not entitled to statutory tolling; (2) the federal statute of limitations began to run when petitioner's conviction became final; and (3) petitioner is not entitled to equitable tolling. ECF No. 38.

/////

1

However, because this court did not consider whether petitioner qualified for the equitable exception based on actual innocence, the Ninth Circuit remanded the case for consideration of that single issue, citing *McQuiggin*. *Id.*

The court ordered supplemental briefing and the state court record to address the actual innocence issue. ECF No. 40. The court has received the record and the briefs. Petitioner now asks the court to stay ruling on the issue until the resolution of his California Penal Code § 1405 motion for DNA testing, filed in Solano County Superior Court late last year. ECF No. 53. Petitioner guesses that the hearing on the motion would be held in early 2015 and the motion would be resolved by May 2015 (including any DNA testing that the state court may order). Petitioner asks the court to stay the case until mid-May and then hold a status conference to determine whether the stay should be lifted.

Respondent opposes the request, arguing that "[a]ny future DNA test results would be barred from consideration in this Court because petitioner has not exhausted the claim in the state courts." ECF No. 55 at 2. Respondent misperceives the exhaustion requirement. A federal habeas petitioner must exhaust his claims for relief by fairly presenting them to the state's highest court. *Duncan v. Henry*, 513 U.S. 354, 365 (1995). The issue before the court right now is not any claim for habeas relief, but rather the federal procedural issue of whether petitioner has enough evidence of his innocence such that his claims for habeas relief may be heard despite his failure to file his petition within the federal limitations period. This is a determination that can only be made by the federal court, as a preliminary procedural matter prior to any consideration of the merits of the actual claims contained in the petition.

The court has inherent authority to manage its docket and, in the efficient pursuit of that objective, may stay a case pending resolution of independent proceedings that are relevant to the case before the court. *Yong v. INS*, 208 F.3d 1116, 1119-20 (9th Cir. 2000). However, the court has a competing obligation to resolve habeas petitions promptly. *Id.* at 1120. A district court may not, in the interests of judicial economy, issue an indefinite and potentially lengthy stay in a habeas case. *Id.*

/////

2

Should the state court grant petitioner's request for DNA analysis, such evidence would certainly be relevant to the court's resolution of whether petitioner has sufficient evidence of his innocence such that the court may hear his case on the merits despite the passage of the limitations period.  Nevertheless, the court must not stay the case any longer than is necessary.  Accordingly, the court orders petitioner's counsel to submit a status report within seven days of the date of this order informing the court of the current progress of the § 1405 motion in the state superior court.  The court will defer ruling on the need for a stay until receipt of the report.

So ordered.

Dated:  April 14, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE