# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DAVID STRINGER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOHN MARSHALL,<br><br>　　　　　Respondent. | No. 2:09-cv-2980-GEB-EFB P<br><br><br><br><br><br>ORDER |

Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On March 31, 2011, this court granted respondent's motion to dismiss the action as barred by the statute of limitations contained in the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 30. Later that year, the U.S. Court of Appeals for the Ninth Circuit concluded that AEDPA's limitations provisions are subject to an equitable exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). The United States Supreme Court agreed in 2013. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013).

On appeal, the Ninth Circuit affirmed this court's determinations that: (1) petitioner is not entitled to statutory tolling; (2) the federal statute of limitations began to run when petitioner's conviction became final; and (3) petitioner is not entitled to equitable tolling. ECF No. 38.

/////

1

1 However, because this court did not consider whether petitioner qualified for the equitable
2 exception based on actual innocence, the Ninth Circuit remanded the case for consideration of
3 that single issue, citing *McQuiggin. Id.*

4 The court ordered supplemental briefing and the state court record to address the actual
5 innocence issue. ECF No. 40.  The court has received the record and the briefs.  Petitioner now
6 asks the court to stay ruling on the issue until the resolution of his California Penal Code § 1405
7 motion for DNA testing, filed in Solano County Superior Court late last year.  ECF No. 53.
8 Petitioner informs the court that the state court will hear the motion on May 22, 2015 and that, if
9 the motion is granted, "it is anticipated that it will take approximately 60-90 days to receive the
10 results of the DNA testing." ECF No. 58 at 3.

11 Respondent opposed the request for stay, arguing that "[a]ny future DNA test results
12 would be barred from consideration in this Court because petitioner has not exhausted the claim
13 in the state courts." ECF No. 55 at 2.  The court rejected this argument in its April 14, 2015
14 order.  ECF No. 57.

15 The court has inherent authority to manage its docket and, in the efficient pursuit of that
16 objective, may stay a case pending resolution of independent proceedings that are relevant to the
17 case before the court. *Yong v. INS*, 208 F.3d 1116, 1119-20 (9th Cir. 2000).  However, the court
18 has a competing obligation to resolve habeas petitions promptly. *Id.* at 1120.  A district court
19 may not, in the interests of judicial economy, issue an indefinite and potentially lengthy stay in a
20 habeas case. *Id.*

21 Should the state court grant petitioner's request for DNA analysis, such evidence would
22 certainly be relevant to the court's resolution of whether petitioner has sufficient evidence of his
23 innocence such that the court may hear his case on the merits despite the passage of the
24 limitations period.  Nevertheless, the court must not stay the case any longer than is necessary.
25 /////
26 /////
27 /////
28 /////

1    Accordingly, the court will grant a limited stay of the case until May 23, 2015.  Petitioner
2 is ordered to file a status report on that date to inform the court of the results of the state court
3 hearing and to request a further stay if one is needed.
4    So ordered.
5 Dated:  May 13, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3