1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10        FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12   LONNIE DAVID STRINGER,              No.  2:09-cv-2980-GEB-EFB P

13                 Petitioner,

14        v.

15   JOHN MARSHALL,                       ORDER

16                 Respondent.

17

18        Petitioner is a state prisoner with counsel seeking a writ of habeas corpus.  *See* 28 U.S.C.

19   § 2254.  On March 31, 2011, this court granted respondent's motion to dismiss the action as

20   barred by the statute of limitations contained in the Anti-terrorism and Effective Death Penalty

21   Act ("AEDPA").  ECF No. 30.  Later that year, the Ninth Circuit concluded that AEDPA's

22   limitations provisions are subject to an equitable exception for claims of actual innocence.  *Lee v.*

23   *Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc).  The United States Supreme Court agreed in

24   2013.  *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013).

25        On appeal, the Ninth Circuit affirmed this court's determinations that: (1) petitioner is not

26   entitled to statutory tolling; (2) the federal statute of limitations began to run when petitioner's

27   conviction became final; and (3) petitioner is not entitled to equitable tolling.  ECF No. 38.

28   /////

                                        1

1  However, because this court did not consider whether petitioner qualified for the equitable

2  exception based on actual innocence, the Ninth Circuit remanded the case for consideration of

3  that single issue, citing *McQuiggin*.  *Id.*

4        The court ordered supplemental briefing and the state court record to address the actual

5  innocence issue.  ECF No. 40.  The court has received the record and the briefs, but stayed the

6  case at petitioner's request while petitioner asked for DNA testing through the state courts.  ECF

7  No. 57.  The state court granted petitioner's motion for DNA testing, and petitioner requests that

8  the stay be extended while that testing takes place.  ECF Nos. 63, 65, 67.  As the outcome of the

9  DNA testing is highly relevant to the issue before it, the court will grant the stay pending the

10  outcome of the testing.

11        Petitioner also asks for a limited exception to the stay so that he may file a motion for a

12  court order compelling state officials to run certain fingerprint evidence through all available law

13  enforcement data bases.  Respondent has filed no opposition to this request, and the court will

14  grant the request.

15        In sum, the case shall remain stayed pending the outcome of state DNA testing as ordered

16  by the Solano County Superior Court on June 19, 2015, with a limited exception allowing

17  petitioner to seek the order regarding fingerprint evidence.  Any such motion shall be filed within

18  30 days of the date of this order, and petitioner shall file a status report within seven days of the

19  state court hearing on September 4, 2015.

20        So ordered.

21  Dated:  August 11, 2015.

22                    EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE

2