1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LONNIE DAVID STRINGER,                    No.  2:09-cv-2980-KJM-EFB P

12                    Petitioner,

13        v.                                   ORDER

14   JOHN MARSHALL,

15                    Respondent.

16

17            Petitioner, a state prisoner proceeding with counsel, has filed an application for a

18   writ of habeas corpus under 28 U.S.C. § 2254.[1]  The matter was referred to a United States

19   Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20            On April 15, 2020, the magistrate judge filed findings and recommendations,

21   which were served on all parties and which contained notice to all parties that any objections to

22   the findings and recommendations were to be filed within fourteen days.  Petitioner has filed

23   /////

24

25   [1] Petitioner has been on parole since January 11, 2018.  *See* Suppl. Br., ECF No. 90, at 5.
     Because he is still subject to the conditions of parole, his habeas petition is not mooted by his
26   release on parole.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("An incarcerated convict's (or a
     parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy
27   requirement, because the incarceration (or the restriction imposed by the terms of the parole)
     constitutes a concrete injury, caused by the conviction and redressable by invalidation of the
28   conviction.").

                                            1

1   objections to the findings and recommendations, Objs., ECF No. 95, and respondent has filed a

2   reply, Reply, ECF No. 93.

3          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304,

4   this court has conducted a *de novo* review of this case.  For the following reasons, the court

5   DECLINES to adopt the findings and recommendations.

6          In determining whether to allow a petitioner to escape the application of the

7   limitations period based on evidence of actual innocence, the court considers the trial record plus

8   new reliable evidence not presented at trial, such as "exculpatory scientific evidence, trustworthy

9   eyewitness accounts, or critical physical evidence[.]"  *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir.

10  2011) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  The actual innocence exception may be

11  applied only where "a petition presents evidence of innocence so strong that a court cannot have

12  confidence in the outcome of the trial unless the court is also satisfied that the trial was free of

13  nonharmless constitutional error."  *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013).

14         In his objections, counsel for petitioner faults the magistrate judge for considering

15  only the new DNA evidence counsel relied on in his second supplemental petition and none of the

16  evidence petitioner provided in his first supplemental petition.  Objs. at 3.  Yet counsel concedes

17  that the magistrate judge expressly cautioned him to include everything he wished the court to

18  consider in his second supplemental brief.  *Id.*; *see also* Findings & Recommendations

19  ("Findings"), ECF No. 93, at 2.  Thus, petitioner's counsel had the opportunity to present all of

20  his evidence and arguments to the court in the second supplemental petition and chose to

21  concentrate on the new DNA evidence only.  The court agrees with the magistrate judge that, if

22  the court were to only consider the latest supplemental brief, it must conclude the DNA evidence

23  alone is not sufficient to show actual innocence.

24         However, the evidence petitioner points to in his objections, and in previous briefs,

25  appears to be compelling evidence of third-party culpability, particularly when viewed in

26  conjunction with the new DNA evidence.  As explained briefly below, the evidence, along with

27  petitioner's accompanying arguments and requests, deserve consideration on the merits,

28  /////

1    particularly given the Ninth Circuit's remand "for a determination of whether Stringer meets the

2    actual innocence exception[.]"  *Stringer v. Valenzuela*, No. 11-16009 (Oct. 17, 2013, 9th Cir.).

3          In the findings and recommendations of February 11, 2011, the magistrate judge

4    discussed the third-party culpability evidence petitioner references in his objections, in the

5    context of determining the proper limitations period start-date, and concluded petitioner is not

6    entitled to a later start-date based on a newly discovered factual predicate to his claims, under

7    § 2244(d)(1)(D).  ECF No. 26 at 4–7.  The magistrate judge did not, and apparently has not,

8    considered whether the third-party culpability evidence is sufficient for a showing of actual

9    innocence such that petitioner's untimely filing should be excused.  *See Stringer v. Valenzuela*,

10   No. 11-16009 (Oct. 17, 2013, 9th Cir.) (citing *McQuiggins v. Perkins*, 133 S. Ct. 1924 (2013))

11   (remanding to consider actual innocence exception).

12         If petitioner's allegations are true, petitioner has been a victim of his counsel's

13   mistakes at essentially every step of his criminal case: at trial, on appeal and in his original habeas

14   petition, which was not filed before the statutory deadline.  *See* Objs. at 19–21.  In the interests of

15   justice, the court declines to penalize petitioner for yet another mistake, this time at the hands of

16   his new habeas counsel,[2] who appears to have overlooked the magistrate judge's directions and

17   failed to include all the evidence supporting petitioner's actual innocence claim in his latest

18   supplemental brief.  *See* Second Suppl. Br., ECF No. 90.

19         In reply to petitioner's objections, respondent argues the magistrate judge has

20   already found petitioner's third-party culpability evidence is "speculative" prior to the Ninth

21   Circuit's remand.  Reply at 2.  The court is not persuaded by respondent's reading of the record.

22   The findings and recommendations that were ultimately the subject of the appeal in this case did

23   not analyze the sufficiency of the evidence.  The magistrate judge analyzed some of the evidence

24   in the context of determining the proper limitations period start-date for petitioner's habeas

25   petition, and found the "discovery" of these new facts did not entitle petitioner to a later start-date

26   /////

27

28   _____

     [2] Counsel appears to be retained by petitioner, not appointed by the court.

1   under § 2244(d)(1)(D) for reasons unrelated to the relevance, reliability or speculative nature of

2   the evidence.  *See* ECF No. 26 at 5–6.

3          For these reasons, the court declines to adopt the magistrate judge's findings and

4   recommendations and REFERS the matter back to the magistrate judge to consider both the

5   Second Supplemental Brief Re Actual Innocence, filed August 15, 2019, ECF No. 90, and the

6   first Supplemental Brief Re Factual Innocence, filed March 10, 2014, ECF No. 45, which was

7   referenced in the second brief, *see* Second Suppl. Br. at 2–3, 9, as well as the Amended Habeas

8   Petition, ECF Nos. 10–11, given the overlap between the merits of the habeas claim and the

9   "actual innocence" analysis, and any supplemental briefing he deems necessary.

10         For similar reasons, the court also declines to adopt the magistrate judge's findings

11  and recommendations with respect to petitioner's request for an order requiring the state to

12  conduct further fingerprint testing.  *See* Findings at 19 n.1 ("[Petitioner] provides no authority

13  under which the court may order such testing.").  The court REFERS the matter back to the

14  magistrate judge to analyze whether petitioner has shown "good cause" warranting such an order,

15  *see* Rules Governing § 2254 Cases, Rule 6(a), or to explain why the court does not have the

16  power to issue such an order.  *See Cherrix v. Braxton*, 131 F. Supp. 2d 756, 779 (E.D. Va. 2001)

17  ("[T]his Court has the statutory authority to order the Attorney General and the Clerk of the trial

18  court to produce evidence collected in connection with state court proceedings.").

19         IT IS SO ORDERED.

20  DATED:  September 1, 2020.

22  CHIEF UNITED STATES DISTRICT JUDGE

4